## UNITED STATES of America, Appellee,

v.

## Alfonso MONTERO FAJARDO, Defendant–Appellant.

### No. 06–5688–CR.

United States Court of Appeals, Second Circuit.

Jan. 3, 2008.

Rebecca A. Monck, Assistant United States Attorney (Jonathan S. Kolodner, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y.

Lawrence K. Feitell, New York, N.Y., for Defendant–Appellant.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN, and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION** of this appeal from a judgment entered in the United States District Court for the Southern District of New York (Sweet, *J.*), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant–Appellant Alfonso Montero Fajardo pled guilty to conspiracy to distribute and possess with intent to distribute at least one kilogram of heroin, in violation of 21 U.S.C. § 846. His guilty plea was accepted by the district court by order dated March 10, 2005. In June 2005, Fajardo, represented by new counsel, sought to withdraw from his plea agreement. The motion was denied by the district court, and on December 5, 2006, Fajardo was sentenced to 120 months' imprisonment, five years' supervised release, and a special assessment of $100. On appeal, Farjardo's primary challenge is to the district court's denial of his motion to withdraw from the plea agreement. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

The district court found Fajardo failed to demonstrate a "fair and just reason" for withdrawing from his plea agreement. *United States v. Lopez,* 385 F.3d 245, 255 (2d Cir.2004). As reason for withdrawal, Fajardo made allegations as to the voluntariness of his consent to the plea agreement that were in direct conflict with his own testimony at his plea allocation. Because "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), we agree with the district court's determination that Fajardo did not establish reason to grant his motion to withdraw.

We have reviewed Fajardo's additional claims and find them to be without merit. The judgement of the district court is therefore AFFIRMED.